(120 So. 145)

**BOARD OF EDUCATION OF CLARKE COUNTY v. BLAN, State Auditor.**

(3 Div. 866.)

Supreme Court of Alabama. Jan. 31, 1929.

Adams & Gillmore, of Grove Hill, for appellant.

666

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for appellee.

BOULDIN, J. This is a mandamus proceeding, instituted in the court below to require the state auditor to draw a warrant on the state treasury for $10,000 in favor of the county board of education of Clarke county, pursuant to legislative act of September 6, 1927. Acts 1927, p. 607. Questions for review go to the constitutionality of this act.

The fund was originally given by the Sage Land & Improvement Company to Grove Hill high school, to be held as an endowment, to be invested and the interest used to keep the buildings and grounds in repair and equipment complete. Later the property passed to the state for county high school purposes, the donor and trustees of the fund agreeing with the high school commission that this fund be turned over to the management and control of the state in connection with the lands, buildings, and equipment, as soon as suitable legislation could be had. Accordingly, the fund was paid into the state treasury pursuant to a local act of August 20, 1915. Local Acts 1915, p. 74.

This act of 1915, reciting in its title the above facts, authorized payment of the fund into the state treasury, "vesting the same in the state of Alabama as trustee for the Clarke county high school," and further enacted that the "state * * * shall pay six per cent. per annum interest on said fund to the treasurer of the Clarke county high school, for the purpose of keeping said building and grounds in repair and the equipment complete so long as the same shall be operated by state aid," under the High School Law, and providing further that, if state aid was withdrawn, the fund should revert to Grove Hill high school, and in such event warrants for the annual interest be drawn in favor of the treasurer of the latter high school.

The act of 1927 is entitled an act "to re-peal a local law" (the act of 1915, setting out its title in full), "and to authorize the transfer of said trust fund of ten thousand dollars from the state of Alabama to the county board of education of Clarke county, Alabama."

The body of the act is in three sections. By section 1 the act of 1915 is expressly repealed. By section 2 the auditor is directed to draw his warrant for the sum of $10,000 and accrued interest in favor of the county board of education of Clarke county. Section 3 reads: "That said fund shall be received by said county board of education of Clarke county, Alabama, and expended by said board for the benefit of the Clarke county high school in such manner as it deems wise and proper."

Without question, this section looks to the expenditure of the corpus of this fund; purports to vest a full discretion to expend it for any purpose deemed wise and proper for the benefit of the county high school. This is a clear diversion of the trust fund from the defined uses to which it was devoted when it passed to the state. It was given and accepted as a permanent endowment, the income to be devoted to keeping in repair the physical properties of the high school. The act seeks to defeat this use, to nullify the endowment, consume the fund by expending the corpus, and thus end the trust.

The title to the act gives no hint of this purpose. It recognizes the character of the trust by recitals in the title. The purpose of the act as expressed in the title is to repeal the former act under which the fund is kept in the state treasury, and interest paid thereon to the local board, and to return the corpus of the fund to the local board. So far as the title discloses, the local board must take it as permanent endowment, charged with the duty to faithfully conserve and invest the principal and use the income for purposes of the trust.

We have no difficulty in reaching the conclusion that section 3 brings the act within the condemnation of section 45 of the state Constitution of 1901. The requirement that the subject-matter of the act be clearly expressed in the title was primarily to prevent legislation under misleading titles of this sort.

We cannot say this section is distinct and severable from the other sections of the act. We can have no assurance that it would have been proposed and supported by its friends as a local bill, but for the provisions of section 3. In view of the safe-keeping of the fund in the state treasury, and an assured annual income from the state, as matters stand, it appears the expenditure of the corpus of the fund was a controlling purpose, if not the sole purpose, of the act.

For this cause we are impelled to hold the entire act void, as in violation of section 45 of the Constitution. We need not consider other questions raised.

Affirmed.

All the Justices concur.